No. 525

THOMAS v. COMMISSIONERS (Butler Co.) et al.
and
STATE ex rel v. KUNCH et al.
Ohio Appeals, 1st District, Butler County
Nos. 195 and 197. Decided April 2, 1923

HIGHWAYS—May enjoin construction of turnpike for not publishing notice, and for auditor's failure to certify that money is available for the project.

HAMILTON, J.:

### Epitomized Opinion

The actions were taxpayers' suits to enjoin further proceedings in the construction of turnpike known as the Monroe Road and the Oxford-Millville Road. The improvements were intiated by the Commissioners without the presentation of a petition. Plaintiffs objected to the proceedings on the grounds that the Commissioners' vote was not unanimous except as to the preliminary resolutions, that notice of the proposed improvements had not been published, and that the Auditor had not filed a certificate that money was available for the project. The trial court enjoined further proceedings. Defendants appealed and the Court of Appeals in sustaining the injunction held:

1. Where road improvements are initiated by the County Commissioners without presentation of a petition, Section 6910 requiring authorization of such action by unanimous vote of the board, applies only to preliminary resolutions and not to any other step in the transaction.

2. Notice of the construction, not reconstruction or repairing, of a turnpike must be published in a

newspaper by Sectioon 6912, to give taxpayers an opportunity to object.

3. The County Auditor, under Section 5660, must certify that money is available for the project even though the improvement is to be paid for by bond issue.

Attorneys—Bickley & Bickley and B. F. Harwitz, for plaintiffs; P. P. Boli, Andrews, Andrews & Rogers, M. O. Burns, W. C. Shepard, Chester S. Durr, and Squire, Sanders & Dempsey, for defendants.

---

No. 526

FOREST CITY MOTOR CO. v. STUART

Ohio Court of Appeals, Cuyahoga County
No. 4241. March 5, 1923

This opinion has not been published except in Abstract.

CONTRACTS—(1) Time not essence of contract to sell automobile in absence of specific provision—(2) A function of jury to determine reasonable time—(3) Burden of proof on party breaking contract to show excuses for delay—(4) Purchaser may reject automobile if not in good order at time of attempted delivery—(5) Measure of damages.

LEVINE, J.:

### Epitomized Opinion

Error to the Municipal Court of Cleveland. Affirmed.
Vickery, Sullivan and Levine, JJ.

Stuart ordered a Saxon motor car from the Motor Co. delivery to be made "on or about May 17, 1920" and at the same time delivered to the Motor Co. a Cole sedan as part payment, the value of the Cole being fixed at $900. The Motor Co. failed to deliver the Saxon at the specified time, although Stuart made frequent demands. On July 3 of the same year the Motor Co. attempted to deliver a Saxon outomobile which Stuart refused to accept on the ground that it was not in good running condition. Stuart then demanded the return of the Cole and upon being informed that it had been sold he demanded payment of $900. Upon the refusal by the Motor Co. to pay, he brought action in M. C. and judgment was given for him. Held by the Court of Appeals:

1. Time was not the essence of the contract, as there was no provision in the contract itself making the date of delivery the essence of the same and containing in addition the language "on or about May 17."

2. It was within the province of the jury to determine whether in view of the lapse of time an attempted delivery was a substantial compliance with the contract.

3. In order to excuse the delay the burden rested on the Motor Co. to show good reasons for the delay.

4. If on the date of delivery the car that is sought to be delivered is not in good working or running order the purchaser is within his rights to refuse to accept the same.

5. Although the price allowed by a dealer on a used car when taken in trade is often in excess of the real value of the car, the measure of damages must be taken as of the agreed value of the used car in the absence of any other method of determining value.

Attorneys—Quigley & Burns, for The Motor Co.; Ralph Blue, for Stuart.